IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**GENBIOPRO, INC.**

    *Plaintiff*

vs.                                                      Civil Action No: 3:23-cv-00058
                                                                (CHAMBERS)

**MARK A. SORSAIA,** *in his official capacity*
*as Prosecuting Attorney of Putnam County,*
**and, PATRICK MORRISEY,** *in his official*
*capacity as Attorney General in West Virginia,*

    *Defendants*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, MARK SORSAIA'S, RULE 12(B)(1) AND RULE 12(B)(6) MOTION TO DISMISS

### Introduction

Plaintiff, GenBioPro, Inc., brings this action to challenge the constitutionality of the *West Virginia Unborn Children Protection Act* ("Criminal Abortion Ban") as related to its potential impact upon the distribution and sale of the drug mifepristone across West Virginia. Plaintiff asserts that the only remedy necessary to provide the full relief it is seeking in this case is a favorable ruling by this Court that the Criminal Abortion Ban is unconstitutional and thereby unenforceable as related to the distribution and sale of mifepristone across West Virginia. [Doc. 1 at par. 91]. To this end, Plaintiff names as a defendant Patrick Morrisey, in his official capacity as Attorney General of West Virginia, because, as Plaintiff alleges, he is vested with statewide authority to enforce restrictions relating to abortion. [Doc. 1, at par. 25].

Plaintiff has also named as a party defendant in this case, Mark A. Sorsaia, in his official capacity as the Prosecutor of Putnam County. However, there is no actual case in controversy existing between Plaintiff and Defendant Sorsaia because there are no pending or imminently threatened prosecutions in Putnam County relating to the drug mifepristone. The Complaint also fails to state any valid causes of action against Defendant Sorsaia as there are insufficient facts plead that would allow this Court to reasonably infer that Defendant Sorsaia is liable for causing any harm to Plaintiff. Therefore, Defendant Sorsaia moves, pursuant to *Fed. R. Civ. P* 12(b)(1) and 12(b)(6), to be dismissed as a party to this case.

## **Relevant Allegations Pertaining to Defendant Sorsaia**

The Complaint filed in this case consists of 33 pages and 111 paragraphs of allegations. [Doc. 1]. Only one paragraph makes specific reference to Defendant Sorsaia [Doc. 1, at par. 24]. Plaintiff alleges that Defendant Sorsaia is the Prosecuting Attorney for Putnam County, West Virginia, and has authority to prosecute violations of the Criminal Abortion Ban and other criminal restrictions on abortion in Putnam County. *Id.* Plaintiff also attributes the following quote to Defendant Sorsaia:

> "[a] s prosecutors we have a clear obligation to enforce the laws of our state. I believe if abortion is illegal no responsible medical provider will be doing them."

*Id.* Plaintiff further alleges in its Complaint that major national pharmacy chains, including, Walgreens and CVS, have indicated publicly that they intend to sell mifepristone and that West Virginia's abortion laws and restrictions may block Plaintiff from providing mifepristone through these healthcare distribution mechanisms. [Doc. 1, at par. 78]. Plaintiff alleges that Walgreens and CVS operate stores in Hurricane and Winfield. *Id.* Those named communities are located within Putnam County, West Virginia.

## Argument

**1. Plaintiff has failed to allege any justiciable claim against Defendant Sorsaia and therefore the claims asserted against him must be dismissed under Rule 12(b)(1).**

Article III of the United States Constitution bestows upon the Judicial Branch the authority to adjudicate "Cases" and "Controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (citing U.S. Const. art. III, § 2). To establish a justiciable case, a plaintiff must show (1) "that he 'has sustained or is immediately in danger of sustaining some direct injury . . . or threat of injury [that is] both 'real and immediate,' not 'conjectural' or 'hypothetical'"; (2) that is fairly traceable to "the challenged official conduct"; and (3) the injury "is likely to be redressed by a favorable judicial decision." *Shenandoah Valley Network v. Capka*, 669 F.3d 194, 202 (4th Cir. 2012) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 101-02, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (citations omitted); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992))

Plaintiff cannot satisfy any of these required showings with respect to its claims against Defendant Sorsaia. First, Plaintiff has not alleged to have sustained or be in any immediate danger of sustaining any injury due to any official acts by Defendant Sorsaia in Putnam County. Plaintiff does not allege that it maintains any corporate presence within Putnam County, West Virginia or that is has engaged in any sales or marketing efforts relating to mifepristone in Putnam County.[1] Plaintiff has not alleged that there are any pending or threatened prosecutions in Putnam County relating to the sale or distribution of mifepristone. Nor has Plaintiff plead any specific facts or circumstances to indicate such a prosecution is reasonably probable. Plaintiff's claims against Defendant Sorsaia are tenuously based upon an alleged public quote that made no mention of the

---

[1] A search on the West Virginia Secretary of State's Office' website does not reflect that Plaintiff has yet registered as a foreign corporation seeking authorization to do business in West Virginia.

3

drug mifepristone and an allegation that the national chains Walgreens and CVS are motivated to sell mifepristone and maintain certain stores in Putnam County. The coexistence in Putnam County of a prosecutor who has generally spoken about a new abortion law and non-party businesses with some potential incentive to sell mifepristone is wholly insufficient so as to create an actual case in controversy as between Plaintiff and Defendant Sorsaia. Instead, any potential danger that Plaintiff is attributing to Defendant Sorsaia in this case is purely hypothetical and conjectural.

Second, the alleged harm that Plaintiff is alleging in this civil action is not traceable to Defendant Sorsaia. Plaintiff is not complaining about any actual or threatened prosecutions in Putnam County but about the potential adverse economic impacts of a statewide enforcement of the Criminal Abortion Ban that would restrict the distribution and sale of mifepristone. [Doc. 1, at par. 79]. The Complaint fails to set forth any facts to explain why this alleged economic injury is any more traceable to Defendant Sorsaia than it is to any of the other fifty-four (54) West Virginia County prosecutors who might seek to enforce the Criminal Abortion Ban.

Third, any order enjoining Defendant Sorsaia from initiating a prosecution in Putnam County relating to the sale of mifepristone will not afford the relief that Plaintiff desires. Plaintiff has plainly articulated that the relief it is seeking is a declaration by this Court that the Criminal Abortion Ban impact on mifepristone is unconstitutional on a statewide basis. [Doc. 1, at par. 91]. Plaintiff asserts that such a favorable ruling "will remedy these conflicts and redress GenBioPro's economic injury by enabling West Virginia to access its product." *Id.* In short, Plaintiff's ultimate success in this case does not depend upon obtaining any relief against Defendant Sorsaia.

2. **Plaintiff has failed to allege any viable cause of action against Defendant Sorsaia and any claims against him must be dismissed under Rule 12(b)(6).**

Plaintiff asserts two claims for relief in this case. Count I seeks this Court to declare that federal law preempts the West Virginia Abortion Ban. [Doc. 1, par. 93-101]. Count II seeks this Court to declare that the West Virginia Abortion Ban violates the Commerce Clause of the *United States Constitution*. [Doc. 1, par. 102-111]. Neither claim makes any specific reference to Defendant Sorsaia or to any specific facts or circumstances arising in Putnam County, West Virginia. The injunctive relief being sought by Plaintiff in connection with each claim is necessarily statewide.

In *Iqbal v. Ashcroft* 556 U.S, 662 (2009) the United States Supreme Court reiterated and amplified upon the principles relating to pleading a viable cause of action that it had announced two years earlier in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, the Supreme Court in *Iqbal* held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." … . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

556 U.S. at 678.

In this case, there is nothing alleged within the Complaint from which this Court may reasonably infer that Defendant Sorsaia is liable for any misconduct toward Plaintiff. The entire thrust of Plaintiff's Complaint is to prevent statewide enforcement of the Criminal Abortion Ban as related to distribution and sale of mifepristone. Unlike Defendant Morrisey, Defendant Sorsaia is vested with no legal authority or responsibility for defending these laws in the face of a constitutional challenge. Notably, *Fed. R. Civ. P.* 5.1(a)(2) expressly requires that a party

5

challenging the constitutionality of a state statute serve notice upon the state attorney general. There is no requirement that such notice be served upon any county prosecutors.

Moreover, Defendant Sorsaia is not alleged to have initiated or threatened any prosecutions to enforce the Criminal Abortion Ban nor have any specific facts been plead to indicate that Plaintiff or any other party is at risk of facing any such a prosecution in Putnam County. Again, Defendant Sorsaia's alleged general quote about the new abortion law together with presence of national chain pharmacy stores in Putnam County are wholly insufficient facts to give rise to a viable cause of action. Walgreens and CVS are not even named parties to this case, and the Complaint alleges no facts to show why these businesses are at greater risk of suffering harm in Putnam County. If Plaintiff had any serious concern when filing this case that Mr. Sorsaia was going to prosecute the distribution or sale of mifepristone in Putnam County, it would have surely sought a preliminary injunction to prevent such a prosecution pending the resolution of this case on the merits. In short, the Complaint lacks the facial plausibility required by *Iqbal* to demonstrate that Plaintiff is at risk of suffering any imminent harm due to the conduct of Defendant Sorsaia.

**WHEREFORE**, and for the reasons and grounds stated above, Defendant, Mark A. Sorsaia, moves that this Court enter an Order dismissing the Complaint filed against him, with prejudice, and grant him such other relief to which the Court may deem he is entitled.

          **MARK A SORSAIA,** *in his official capacity as Prosecuting Attorney of Putnam County*

          By Counsel

/s/ Jennifer Scragg Karr
Jennifer Scragg Karr (WV Bar #8051)
Assistant Prosecuting Attorney
Putnam County Judicial Building
12093 Winfield Road
Winfield, WV 25213
(O) 304-586-0205
(F) 304-586-0269
jkarr@putnamwv.org

*Attorney for Defendant Mark A. Sorsaia*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**GENBIOPRO, INC.**

    *Plaintiff*

vs.                                                 Civil Action No: 3:23-cv-00058
                                                                             (CHAMBERS)

**MARK A. SORSAIA,** *in his official capacity*
*as Prosecuting Attorney of Putnam County,*
**and, PATRICK MORRISEY,** *in his official*
*capacity as Attorney General in West Virginia,*

    *Defendants*

### CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendant, Mark A. Sorsaia, do hereby certify that on this 16th day of February, 2023 I served a copy of the foregoing *Memorandum of Law in Support of Defendant Mark Sorsaia's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss* with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record.

  /s/ Jennifer Scragg Karr
Jennifer Scragg Karr (WV Bar #8051)
Assistant Prosecuting Attorney
Putnam County Judicial Building
12093 Winfield Road
Winfield, WV 25213
(O) 304-586-0205
(F) 304-586-0269
jkarr@putnamwv.org

*Attorney for Defendant Mark A. Sorsaia*